UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------×
GABRIEL CHESTNUT,

   *Plaintiff,*           **17 CV 6477**

  *v.*

ROCHDALE VILLAGE, INC.,         **COMPLAINT**

   *Defendant.*
------------------------------------------------------------------------×

  Plaintiff Gabriel Chestnut, by his counsel, The Harman Firm, LLP, and Young & Ma LLP, alleges for his Complaint against Defendant Rochdale Village, Inc., as follows:

## PRELIMINARY STATEMENT

  1. Plaintiff Gabriel Chestnut seeks damages and costs against Defendant Rochdale Village, Inc. ("Rochdale"), for discriminating against him on the basis of his perceived disability by, among other things, terminating his employment, in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101 *et seq.*, and the New York City Human Rights Law (NYCHRL), N.Y.C. Admin. Code §§ 8-101 *et seq.*

  2. Plaintiff also seeks damages and costs against Defendant for unlawfully interfering with his exercise of his rights under the Family and Medical Leave Act (FMLA), 29 U.S.C. §§ 2601 *et seq.*

## JURISDICTION, VENUE, AND ADMINISTRATIVE PREREQUISITES

  3. Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over Plaintiff's claims arising under the ADA and FMLA.

  4. Pursuant to 28 U.S.C. § 1332, this Court has supplemental jurisdiction over Plaintiff's NYCHRL claims, as these claims are so related to the claims within such original jurisdiction that they form part of the same case or controversy.

1

5. Pursuant to 28 U.S.C. § 1391(b), venue is proper in the United States District Court for the Eastern District of New York, as a substantial part of the events giving rise to these claims occurred within this District.

6. All conditions precedent to maintaining this action have been fulfilled. A charge of discrimination was filed with the Equal Employment Opportunity Commission (EEOC). The EEOC issued a Right-to-Sue letter dated August 22, 2017, relating to the discriminatory acts described in this Complaint. This action was properly instituted within 90 days of the issuance of the Right-to-Sue letter.

**TRIAL BY JURY**

7. Plaintiff respectfully requests a trial before a jury.

**PARTIES**

8. Mr. Chestnut, at all times relevant hereto, was and is a resident of Kings County in the State of New York.

9. Upon information and belief, at all times relevant hereto, Rochdale was and is a corporation organized under the laws of the State of New York with its principal place of business located at 169-65 137th Avenue, Jamaica, New York 11434 in Queens County.

**COVERAGE UNDER FMLA**

10. To be eligible for leave under the FMLA, an employee must have been employed (i) for at least 12 months by the employer, and (ii) for at least 1,250 hours of service with such employer during the previous 12–month period.

11. To be eligible under the FMLA, an employer must be engaged in commerce, or in any industry or activity affecting commerce, and employ 50 or more employees for each working day during each of 20 or more calendar work weeks in the current or preceding calendar year.

12. At all relevant times, Mr. Chestnut had been employed at Rochdale for over 12 months and had worked at least 1,250 hours for Rochdale in the previous 12-month period.

13. At all relevant times, Rochdale was an enterprise engaged in commerce and had employed more than 50 individuals in the preceding calendar year.

14. Mr. Chestnut's injury and related complications constituted a qualifying medical condition under the FMLA.

15. As an eligible employee, Mr. Chestnut was therefore entitled under the FMLA to 12 work weeks of leave in a 12–month period.

## STATEMENT OF FACTS

16. On or about September 18, 2012, Mr. Chestnut began working as a Security Officer at Rochdale, a housing and co-op foundation located in Queens, New York.

17. Mr. Chestnut was a reliable and dedicated employee throughout his employment at Rochdale, receiving a promotion to Sergeant on or about January 1, 2013.

18. Mr. Chestnut is diagnosed with diabetes.

19. On or about June 1, 2016, Mr. Chestnut stepped on a nail while working at Rochdale and sustained a severe injury to his foot.

20. Mr. Chestnut's foot became immediately swollen and discolored.

21. Mr. Chestnut found these symptoms especially concerning, as he is diabetic, and immediately went to the emergency room.

22. Mr. Chestnut was admitted to North Shore University Hospital later that day—June 1, 2016—for treatment for his injury and related complications.

23. On or about June 5, 2016, Mr. Chestnut learned that he would need to take approximately eight weeks of medical leave to undergo treatment for his foot injury at North

3

Shore University Hospital's Comprehensive Wound Healing Center, of which he notified his supervisor, Rochdale's Director Chief John Skinner.

24. Mr. Skinner told Mr. Chestnut, "Get better and come back with a doctor's note," and temporarily relieved Mr. Chestnut of his duties so that he could receive medical care.

25. Rochdale did not notify Mr. Chestnut that he was entitled to FMLA leave.

26. Mr. Chestnut was an FMLA–eligible employee, and his injury and its complications and treatment constituted a qualifying medical condition.

27. As such, Mr. Chestnut's request for leave triggered the FMLA, and Rochdale's failure to notify Mr. Chestnut of his rights is a violation of the FMLA

28. During Mr. Chestnut's time in the hospital, Rochdale was fully aware of his medical treatment: Rochdale employees regularly came to visit Mr. Chestnut in the hospital, and Mr. Skinner, Lieutenant Verda Bataille, and Lieutenant Domingo Lopez were all on notice of Mr. Chestnut's medical leave.

29. During his medical leave, Mr. Chestnut did not receive any communications or notices from Rochdale concerning any absence from work, failure to report to work, or violation of any other Rochdale policy.

30. On or about August 5, 2016, however, Mr. Chestnut received a notice from Rochdale, stating that he had taken "unapproved sick leave" and instructing him to provide Rochdale with a doctor's note by August 8, 2016.

31. Mr. Chestnut obtained and provided Rochdale with a doctor's note from his medical provider, Dr. Raymond Ferguson, on that same day, August 5, 2016.

32. Dr. Ferguson's note informed Rochdale that Mr. Chestnut had been under ongoing medical care since June 1, 2016, had a wound on his right foot, and would be able to

return to work on August 10, 2016, after his surgical boot was removed, at which time he would be able to work on full duty without restrictions.

33. Despite this doctor's note and Rochdale's awareness of Mr. Chestnut's medical condition, however, Rochdale took no action to accommodate Mr. Chestnut and did not respond to Mr. Chestnut's several follow-up communications.

34. Instead, on or about August 18, 2016, Mr. Chestnut received a letter stating that he was terminated for taking an "unapproved leave of absence."

35. Rochdale's letter made no mention of Mr. Chestnut's medical leave and instead referred to a previous leave Mr. Chestnut had taken in and around late November 2015.

36. Until Mr. Chestnut's termination, Rochdale had never mentioned to Mr. Chestnut any supposed unapproved leave or attendance issues.

37. Rochdale never expressed any problems with Mr. Chestnut's November 2015 leave until the termination letter.

38. At the time of his termination, Mr. Chestnut was able to perform the essential functions of his job and, in fact, was already cleared to return to work on full duty without restrictions.

39. In reality, Rochdale terminated Mr. Chestnut because he had taken medical leave and because of his disability.

40. Mr. Chestnut complained to Rochdale on or about August 18, 2016, explicitly informing Rochdale that he believed that he had been wrongfully terminated for taking medical leave.

41. However, Mr. Chestnut never received any response to his complaint of discrimination and retaliation, and Rochdale took no action to correct the situation.

# CAUSES OF ACTION
## FIRST CAUSE OF ACTION
**Failure to Provide a Reasonable Accommodation in Violation of the ADA**

42. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 41 with the same force as though separately alleged herein.

43. The ADA requires an employer to engage in an interactive process to identify reasonable accommodations for an otherwise qualified employee with a disability.

44. Defendant refused to grant Plaintiff's requests for a reasonable accommodation for his disability and failed to engage in the mandatory interactive process to provide a reasonable accommodation for Plaintiff's disability.

45. As such, Defendant has violated the ADA.

46. As a direct and proximate consequence of Defendant's failure to accommodate his disability, Plaintiff has suffered, and continues to suffer, substantial damages, including, but not limited to, emotional distress and suffering, all in amounts to be determined at trial.

47. Defendant's discriminatory treatment of Plaintiff was willful and in reckless disregard of Plaintiff's protected rights. Accordingly, Plaintiff is entitled to an award of punitive damages against Defendant.

## SECOND CAUSE OF ACTION
**Wrongful Termination in Violation of the ADA**

48. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 47 with the same force as though separately alleged herein.

49. The ADA prohibits an employer from discriminating against a qualified individual with a disability in terms, conditions, and privileges of employment, including hiring and termination.

50. Defendant violated the ADA when it terminated Plaintiff's employment based on his disability.

51. As a direct and proximate consequence of Defendant's disability discrimination, Plaintiff has suffered, and continues to suffer, substantial damages, including, but not limited to, emotional distress and suffering, all in amounts to be determined at trial.

52. Defendant's discriminatory treatment of Plaintiff was willful and in reckless disregard of Plaintiff's protected rights. Accordingly, Plaintiff is entitled to an award of punitive damages against Defendant.

**THIRD CAUSE OF ACTION**
**Interference in Violation of the ADA**

53. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 52 with the same force as though separately alleged herein.

54. The ADA prohibits an employer from coercing, intimidating, threatening, or otherwise interfering with an employee's exercise of his rights under the ADA or on account of his having exercised rights under the ADA.

55. Plaintiff exercised his protected rights under the ADA when he requested a reasonable accommodation for his disability.

56. Defendant interfered with Plaintiff's exercise of his ADA-protected rights by terminating his employment because of his request for a reasonable accommodation.

57. As such, Defendant has violated the ADA.

58. As a direct and proximate consequence of Defendant's ADA interference, Plaintiff has suffered, and continues to suffer, substantial damages, including, but not limited to, emotional distress and suffering, all in amounts to be determined at trial.

## FOURTH CAUSE OF ACTION
**Failure to Provide a Reasonable Accommodation in Violation of the NYCHRL**

59. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 58 with the same force as though separately alleged herein.

60. The NYCHRL requires an employer to make a reasonable accommodation to enable an employee with a disability to satisfy the essential requisites of a job, provided that the disability is known or should have been known to the employer.

61. Defendant was fully aware of Plaintiff's disability, as Plaintiff notified Defendant of his disability and requested related reasonable accommodations.

62. Defendant refused to grant Plaintiff's requests for a reasonable accommodation for his disability and failed to engage in the mandatory interactive process to provide a reasonable accommodation for Plaintiff's disability.

63. As such, Defendant has violated the NYCHRL.

64. As a direct and proximate consequence of Defendant's failure to accommodate his disability, Plaintiff has suffered, and continues to suffer, substantial damages, including, but not limited to, emotional distress and suffering, all in amounts to be determined at trial.

65. Defendant's discriminatory treatment of Plaintiff was willful and in reckless disregard of Plaintiff's protected rights. Accordingly, Plaintiff is entitled to an award of punitive damages against Defendant.

## FIFTH CAUSE OF ACTION
**Wrongful Termination in Violation of the NYCHRL**

66. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 65 with the same force as though separately alleged herein.

67. The NYCHRL prohibits an employer from discriminating against an employee in compensation or in terms, conditions, and privileges of employment on the basis of disability.

68. Defendant violated the NYCHRL when it terminated Plaintiff's employment based on his disability.

69. As a direct and proximate consequence of Defendant's disability discrimination, Plaintiff has suffered, and continues to suffer, substantial damages, including, but not limited to, emotional distress and suffering, all in amounts to be determined at trial.

70. Defendant's discriminatory treatment of Plaintiff was willful and in reckless disregard of Plaintiff's protected rights. Accordingly, Plaintiff is entitled to an award of punitive damages against Defendant.

**SIXTH CAUSE OF ACTION**
**Interference in Violation of the NYCHRL**

71. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 70 with the same force as though separately alleged herein.

72. The NYCHRL provides that an employer may not coerce, intimidate, threaten, or interfere with an employee's exercise or enjoyment of his rights under the NYCHRL.

73. Plaintiff exercised his protected rights under the NYCHRL when he requested a reasonable accommodation for his disability.

74. Defendant interfered with Plaintiff's exercise of his NYCHRL-protected rights by terminating his employment because of his request for a reasonable accommodation.

75. As such, Defendant has violated the NYCHRL.

76. As a direct and proximate consequence of Defendant's NYCHRL interference, Plaintiff has suffered, and continues to suffer, substantial damages, including, but not limited to, emotional distress and suffering, all in amounts to be determined at trial.

## SEVENTH CAUSE OF ACTION
### Interference in Violation of the FMLA

77. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 76 with the same force as though separately alleged herein.

78. The FMLA prohibits an employer from denying or otherwise interfering with an employee's rights under the FMLA or otherwise retaliating against an employee for exercising his FMLA rights.

79. At all relevant times, Plaintiff was an eligible employee within the meaning of the FMLA, and Defendant was an employer as defined in the FMLA.

80. Plaintiff was entitled under the FMLA to 12 workweeks of leave due to his serious health condition.

81. Plaintiff gave notice to Defendant of his serious health condition and his intention to take leave.

82. As such, Defendant was required under the FMLA to notify Plaintiff of his rights under the FMLA.

83. Defendant interfered with Plaintiff's exercise of his FMLA-protected rights by failing to notify him of his entitlement to take leave under the FMLA.

84. As such, Defendant has violated the FMLA.

85. Defendant also retaliated against Plaintiff for his need for FMLA rights.

86. As a direct and proximate consequence of Defendant's FMLA interference, Plaintiff has suffered, and continues to suffer, substantial damages, including, but not limited to, emotional distress and suffering, all in amounts to be determined at trial.

# **REQUEST FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests the following relief:

A. For the first cause of action, damages to be determined at trial;

B. For the second cause of action, damages to be determined at trial;

C. For the third cause of action, damages to be determined at trial;

D. For the fourth cause of action, damages to be determined at trial;

E. For the fifth cause of action, damages to be determined at trial;

F. For the sixth cause of action, damages to be determined at trial;

G. For the seventh cause of action, damages to be determined at trial; and

H. For such other and further relief as the Court deems just and proper.

Dated: New York, New York
November 7, 2017

By: s/ Walker G. Harman, Jr.
Walker G. Harman, Jr.
THE HARMAN FIRM, LLP
220 Fifth Avenue, Suite 900
New York, NY 10001
(212) 425-2600
wharman@theharmanfirm.com

Tiffany Ma
YOUNG & MA LLP
575 Lexington Avenue, Fourth Floor
New York, NY 10022
(212) 971-9773
tma@youngandma.com

*Attorneys for Plaintiff*